# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
DIANA LODATO
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-30376

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that
**SEE ATTACHMENT**

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 21, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**USA VS DIANA LODATO 11-30376**                                                **PAGE 2**

Defendant is a Canadian citizen who has lived her entire life in Toronto, Canada. Her boyfriend Michael Reynolds (a defendant in a separate complaint relating to the same set of facts and circumstances as the instant action), is the father of two of her two of her four children. Defendant is 38 years old, separated with four minor children as described above. Her mother, father, five siblings and various extended family members live in Ontario, Canada. She reports no assets and no liabilities, and estimates that her total living expenses re $1500 monthly.

Defendant denies having any family or community ties to the United States, absent the paternal grandparents of her two youngest children. She is employed part time as a maintenance housekeeper at Toronto General Hospital and earns $20.50 per hour. She resides in a housing co-operative in Toronto with her children. She does not reside with her boyfriend, Michael Reynolds, who is integrally involved in the allegations underlying the complaint.

There is currently an INS detainer placed upon the defendant.

Her Canadian criminal history record can be found under the name Diana DaCamera, which is the sur- name of her ex-husband. Defendant was convicted of Theft Over $1000 on 5/24/1990 in Toronto, Canada and sentenced to one year probation. On 1/07/93 Defendant was convicted of Breaking and Entering, Theft, and Breaking and Entering With Intent, and was sentenced to three years probation with a suspended custodial sentence. On 2/28/2003 Defendant was convicted of assault and sentenced to one year probation with a suspended custodial sentence. On 9/12/2005 Defendant was convicted of Obstructing a Peace Officer, Failing to Comply with Recognizance and was sentenced to one year probation and 30 additional days per conditional sentence order.

The facts alleged in the instant complaint are that Defendant and Michael Reynolds attempted to cross the Canadian border into the United States in a separate vehicles on July 19, 2011. Defendant successfully crossed the border and entered the United States, but Reynolds was stopped at secondary inspection and was refused entry into the United States because of his own criminal history in Canada. Reynolds then called Defendant and said he was refused entry into the United States and was turned away. Defendant then turned around, crossed the border from the United States and re-entered Canada, picked up Reynolds, hid him in the back of her car under some blankets, and then attempted to cross the border with Reynolds hidden from sight and without disclosing his identity to the border inspectors. When asked who was in the car with her, she lied and told the border officials that it was only she and her four children. Defendant's car was pulled over for secondary inspection and Michael Reynolds was found hiding under blankets in the rear of the car. Defendant explained to the officers that she and her boyfriend were taking the children to a family reunion in Detroit for two days.

**USA VS DIANA LODATO 11-30376**                                       **PAGE 3**

At the detention hearing a different story was told by the defendant. She states that she and her boyfriend were taking the kids to a family reunion in Orlando, Florida, and planned to return to Canada in two days, but that they were first spending the night at the home of her boyfriend's parents in Lathrup Village with the children. Clearly the time frame described would not allow for a family trip to Orlando, Florida by car in a 48 hour period when the first day was allegedly to be spent with the paternal grandparents of two of the children.

Defendant requests a bond and to be able to reside in the Lathrup Village home of her boyfriend's parents, under their 3rd party custody with her four children; alternatively defendant requests to be placed in the custody of the INS who because of the lien will immediately deport defendant back to Canada. What Defendant could NOT state to the court is that she and her four children would be welcome to live at the home of Michael Reynolds' parents for an indefinite period of time or that these two individuals would consent to be 3rd party custodians of Defendant. What was made clear, however, is that Michael Reynolds' mother was insistent that her son was NOT welcome to live with her and her husband for ANY period of time in their Lathrup Village home; the father stated that he was NOT willing to have his son live with them for more than 30 days. There is nothing on the record stating that the Defendant is welcome in the Lathrup Village home or that this couple would agree to be her 3rd party custodians. Regardless, 3rd party custody for this defendant is not appropriate. She is a Canadian citizen, a Canadian resident, has no contacts of any nature to this district, and has no means of support for herself or her children, three of whom are school age.

Neither of these two alternatives is feasible or realistic. Furthermore, assuming she were given a bond and allowed to return to Toronto, Canada, Defendant could not be effectively supervised by Pretrial Services, and this court would then lose its jurisdiction over defendant and would have no means of assuring her appearance here. This is of concern given the fact that she has in the past (2005) been convicted in Canada of Failing to Comply With Recognizance. Releasing Defendant into INS custody so that she could be deported back to Canada is equally unrealistic. Once deported to Canada Defendant has no incentive to return to this court, and given her past criminal history, there is little to assure this court that she would appear.

Defendant poses a risk of flight by a preponderance of the evidence. Both her citizenship and residency status are in Canada, she lacks community ties of any significant nature to this district and to this country, she has very strong foreign ties, most of her personal information was unverifiable, and her criminal history is significant (theft, assault, breaking and entering, and failing to comply with recognizance). There is no condition or combination of conditions that would reasonably assure her appearance in this court. Therefore Detention is Ordered.